IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                       )
YANA HAMILTON                          )
1347 Stevens Rd., SE                   )
Washington, DC  20009,                 )
                    Plaintiff,         )
                                       )
v.                                     )
                                       )
DISTRICT OF COLUMBIA                   )
One Judiciary Square                   )
441 Fourth Street, NW                  )
Washington, DC  20001,                 )
                    Defendant.         )
_____)
```

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Yana Hamilton, on behalf of her minor ward J.H. and through undersigned counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1. This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. The Plaintiff seeks a judgment: 1) ordering the Defendant to fund J.H.'s placement at Rock Creek Academy, with transportation; 2) declaring that DCPS denied J.H. free appropriate public education ("FAPE") by violating a Hearing Officer's Determination ("HOD") of July 10, 2006; 3) declaring that DCPS denied J.H. FAPE by failing to provide him with an appropriate placement for the 2006-2007 school year; and 4) ordering DCPS to convene a multidisciplinary team meeting for the purposes of reviewing all of J.H.'s evaluations, revising his individualized education program ("IEP") as appropriate, developing a compensatory education plan to compensate J.H. per the terms of the July 10, 2006 HOD,

1

and developing a compensatory education plan to compensate J.H. for the harm done him by the violations identified in this Complaint.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.  The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Schools State Enforcement and Investigation Division. The Hearing Officer granted the Plaintiff partial relief, and denied the relief requested in this Complaint.

## PARTIES

4.  Yana Hamilton is the adult guardian of J.H., a twelve-year-old boy. Ms. Hamilton and J.H. reside together in Washington, DC.

5.  The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

6.  The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

## FACTS

7.  DCPS has identified J.H. as a child in need of special education due to emotional disturbance and Attention-Deficit/Hyperactivity Disorder ("ADHD").

8.  J.H.'s most recent IEP prescribes a 100% special education placement.

9. An HOD issued on or about July 10, 2006, ordered, <u>inter alia</u>, DCPS to convene a multidisciplinary team ("MDT") meeting within 30 days in order to revise J.H.'s IEP as appropriate, to determine an appropriate full-time therapeutic school placement for J.H., and to discuss and determine the form, amount and delivery of compensatory education pursuant to findings made in an HOD of July 13, 2005.

10. DCPS convened an MDT meeting on August 9, 2006.

11. Between July 10, 2006 and October 19, 2006, DCPS convened no other MDT or IEP meetings regarding J.H.

12. At the August 9, 2006 meeting, DCPS proposed the Taft Center as a school placement for J.H.

13. At the time of the August 9, 2006 meeting, no one at the Taft Center had any knowledge of J.H.

14. At the time of the August 9, 2006 meeting, no one at the Taft Center had made any determination regarding the appropriateness of the Taft Center as a placement for J.H.

15. At the August 9, 2006 meeting, DCPS stated that classes at the Taft Center had student to teacher ratios of 9:1.

16. At the August 9, 2006 meeting, J.H.'s special education teacher stated that he "needs a very small setting" and that he "worked in 4/1 with difficulty."

17. At the August 9, 2006 meeting, DCPS stated that there was no nurse or psychiatrist on staff at the Taft Center.

18. The MDT licensed clinical social worker at the August 9, 2006 meeting stated that a full-time nurse should be available at any placement for J.H.

19. At the August 9, 2006 meeting, DCPS did not discuss or determine compensatory education for J.H.

20. DCPS has never issued to the Plaintiff a notice containing an explanation of why DCPS proposed placing J.H. at the Taft Center and the factors relevant to the proposal.

21. DCPS has never issued to the Plaintiff a notice containing a description of each evaluation procedure, assessment, record, or report DCPS used as a basis for its proposal to place J.H. at the Taft Center.

22. DCPS has never issued to the Plaintiff a notice containing a description of options other than the Taft Center and the reason why those options were rejected.

23. On or about August 23, 2006, the Plaintiff filed a due process complaint against DCPS alleging, inter alia, that DCPS had violated the July 10, 2006 HOD, that the Taft Center was an inappropriate placement for J.H., and that DCPS had failed to discuss compensatory education at the August 9, 2006 meeting.

24. On October 6, 2006, the Plaintiff served on DCPS copies of several documents intended for use at a due process hearing regarding the August 23, 2006 complaint.

25. On October 12, 2006, a due process hearing was held to resolve the August 23, 2006 complaint.

26. As of October 12, 2006, DCPS had not served on the Plaintiff a response to the August 23, 2006 complaint.

27. At the October 12, 2006 hearing, the Plaintiff moved for a default judgment based on DCPS' failure to serve a response. The hearing officer denied the Plaintiff's motion and continued the hearing until October 19, 2006.

28. DCPS never served on the Plaintiff a response to the August 23, 2006 complaint.

29. On October 19, 2006, the due process hearing was reconvened to resolve the August 23, 2006 complaint.

30. At the October 19, 2006 hearing, the Plaintiff renewed her motion for a default. The Hearing Officer denied the motion again.

31. The Taft Center was not an appropriate placement for J.H.

32. Rock Creek Academy is an appropriate placement for J.H.

### COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

33. The IDEA requires DCPS to provide all children with disabilities in its jurisdiction FAPE.

34. DCPS' violation of the July 10, 2006 HOD and its failure to provide J.H. with an appropriate educational placement have denied and continue to deny J.H. his right to FAPE under the IDEA.

35. As a result of this denial, J.H. has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) order DCPS to fund J.H.'s placement at Rock Creek Academy, with transportation;

2) declare that DCPS denied J.H. FAPE by violating the HOD of July 10, 2006;

3) declare that DCPS denied J.H. FAPE by failing to provide him with an appropriate placement for the 2006-2007 school year;

4) order DCPS to convene a multidisciplinary team meeting for the purposes of reviewing all of J.H.'s evaluations, revising his IEP as appropriate, developing a compensatory education plan to compensate J.H. per the terms of the July 10, 2006

HOD, and developing a compensatory education plan to compensate J.H. for the harm done him by the violations identified in this Complaint;

5) award the Plaintiff attorneys' fees and costs of this action; and

6) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Phone: (202) 265-4260
Fax: (202) 265-4264

6

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-5570
C EGS

### I (a) PLAINTIFFS
Yana Hamilton

### DEFENDANTS
District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00550
Assigned To : Sullivan, Emmet G.
Assign. Date : 3/20/2007
Description: HAMILTON V. D.C

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY...

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)* OR ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 USC sec. 1400 et seq.; IDEA case for private placement

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____   JURY DEMAND: YES ☐ NO ☐
Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒   If yes, please complete related case form.

DATE 3/19/07   SIGNATURE OF ATTORNEY OF RECORD _____

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.