**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| YANA HAMILTON, ) |  |  |
|  ) |  |  |
| Plaintiff, ) |  |  |
|  ) | Civil Action No. 07-550 (EGS) |  |
| v. ) |  |  |
|  ) |  |  |
| DISTRICT OF COLUMBIA, ) |  |  |
|  ) |  |  |
| Defendant. ) |  |  |

**SCHEDULING ORDER**

Upon review of the joint report filed pursuant to Local Rule 16.3, it is hereby **ORDERED** that:

(1) This case is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

(2) Should discovery become necessary, counsel shall notify the Court and propose an appropriate schedule. Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court pursuant to paragraph (6) supra. Counsel are hereby notified that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees. Counsel shall not file a discovery motion without following the procedures set forth in this paragraph.

(3) Any motion that does not comply with LCvR 7.1(m) will be, *sua sponte*, stricken by the Court from the record.

(4) Every pleading should indicate, immediately below the Civil Action No. in the caption, the next scheduled Court deadline, such as a status conference, or pretrial conference, or trial date.

(5) Should a status conference become necessary, the Court will schedule one when the need arises.  Counsel must bring full settlement authority to each status conference.  If settlement is not reached, the parties shall adhere to the following briefing schedule:  defendant shall file the administrative record no later than **JUNE 8, 2007**; plaintiff's dispositive motion shall be filed no later than **JUNE 22, 2007**; defendant's opposition and cross-motion, if any, shall be filed by no later than **JULY 9, 2007**; plaintiff's reply and opposition, if any, shall be filed no later than **JULY 23, 2007**; defendant's reply, if any, shall be filed no later than **JULY 30, 2007**.

(6) Counsel are directed not to communicate with anyone on Judge Sullivan's staff on an *ex parte* basis.  In the event it is absolutely necessary to communicate with Judge Sullivan's staff regarding this case, counsel are directed to arrange, at their expense, a conference telephone call with counsel for all other parties, and any pro se party, and speak directly with either Judge Sullivan's secretary, Geri Kyler, at 202-354-3260, or the

courtroom deputy, Carol Votteler, at 202-354-3152. It will not be the responsibility of anyone on Judge Sullivan's staff to arrange any telephone calls.

(7) All dates in this Order are firm, may not be altered by the parties, and, absent truly exceptional and compelling circumstances, will not be altered by the Court. Any request for an extension of time shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates.

(8) Counsel are admonished to read the Circuit's opinion in <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.,</u> <u>101 F.3d 145, 152 (D.C. Cir. 1996)</u> (In implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice.).

It is **FURTHER ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleading filed electronically in the above captioned case to supernumerary attorneys of a law firm who have not entered their appearance on the electronic case filing system (ECF) and registered for a password granting them access to electronic dockets.

**IT IS SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**May 25, 2007**