UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YANA HAMILTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-0550 (EGS) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S MOTION FOR A NEW TRANSCRIPT

Plaintiff has filed suit against the District of Columbia under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1400 et seq., following an adverse decision in an administrative due process hearing. Plaintiff seeks injunctive relief for her son, J.H., including District of Columbia Public Schools ("DCPS") funding for a private educational placement.

On July 12, 2007, Plaintiff moved for production of a new transcript for one of the administrative due process hearings in this case. ("Motion") Pursuant to the Court's order of that same day, Defendant herewith responds to the Motion. As explained below, Defendant believes a second reproduction of the audio tapes of the administrative hearing is unnecessary.

## FACTUAL BACKGROUND

On October 12, 2006, DCPS held an administrative due process hearing to resolve Plaintiff's Complaint. R. p. 11. However, only pre-hearing procedural matters were

1

discussed. Given testimony that DCPS' counsel had not yet received Plaintiff's Complaint at the time of the hearing, the Hearing Officer decided to continue the hearing to October 19, 2006, so that both parties could be adequately prepared. R. p. 14. A written transcript of the October 12, 2006, hearing was produced from an audio recording of the proceedings. R. p. 373. Although inadvertently omitted from the original administrative record filed in this case due to some confusion in the DCPS Student Hearing Office, the transcript was filed as a supplement to the record on June 20, 2006. Def.'s Praecipe, June 20, 2007, Def's Consent Motion, June 20, 2007.

On June 20, 2007, Defendant received an email from Plaintiff's counsel alleging errors in the transcription of the October 12, 2006, hearing. Plaintiff's Exhibits 2, 3. However, after reviewing the transcript, Defendant concluded that the transcription contained only minor errors which would not impair either the transcription's substantive value or the Plaintiff's ability to present her case. Defendant's counsel communicated to Plaintiff's counsel that the transcript did not appear to be defective in any consequential regard, and elected not to request a new transcript. Plaintiff's Exhibit 10.

## **ARGUMENT**

Although Defendant acknowledges the presence of a few minor errors in the transcription of the October 12, 2006, hearing session, these errors are insignificant and inconsequential. In the Memorandum accompanying the Motion, Plaintiff cites only three assertedly erroneous passages in the current transcript (on pages 382, 397, and 398 of the record), which include only four sentences out of the transcript's twenty-nine pages. Thus, only a minute portion of the transcript is asserted to have been erroneously

transcribed.  Moreover, Plaintiff nowhere explains how the portions of the current transcript identified impair her ability to present her case here.  Nor is there a reason to assume a significant problem.

First, the errors identified on pages 382 and 397 of the record are insignificant and in no way impair the reader's ability to comprehend the substantive meaning of the Hearing Officer's assertions.  The statement on page 382, lines 10-12, appears to have mistakenly substituted the pronoun "I" for the preposition "in", and the statement on page 397, lines 8-10, contains no obvious mistake, at least none that is clearly attributable to the transcriber.  Therefore, these errors have no substantively meaningful impact and would not hinder a reasonable individual's understanding of the issues discussed.

Second, although the passage on page 398 of the record lacks cogency, the mistakes therein do not hinder overall understanding of Plaintiff's substantive arguments. R. p. 398, line 23, p. 399, lines 1-5.  Plaintiff's counsel alleges that the errors impair understanding of his motion for default, yet his argument is discussed in great detail in the following passage, from lines 7 through 22 on page 399 of the record.  Specifically, counsel discusses recent shifts in Hearing Officers' attitudes towards default, makes mention of his previous arguments on this matter, and references <u>Massey v. District of Columbia</u>, 400 F.Supp.2d 66. R. p. 399, lines 7-22.  Thus, despite some lack of clarity in the two-sentence passage on page 398, Plaintiff's argument regarding default at the October 12, 2006, hearing is fully comprehensible to a reasonable reader, and understanding of the substantive issues discussed at hearing is in no way impaired. Therefore, Plaintiff's case has suffered no prejudice, and a new transcript is not necessary.

Defendant submits that obtaining an entirely new transcript in this case would cause an unnecessary expense and delay here. Production of a new transcript by DCPS generally takes thirty days and would therefore extend resolution of the issues at hand. If such a delay were warranted, Defendant would have requested a new transcript without dispute. However, the errors in the transcript on record are inconsequential and non-prejudicial to Plaintiff's case, and their correction would only serve to extend litigation.

The more sensible, expeditious and usual course is simply to do what is typically done in such circumstances: Plaintiff's counsel can propose specific corrections to the transcript to which Defendant's counsel can respond and, hopefully, agree. There is simply no demonstrated need for the expense and delay of rendering a second complete transcription acceptable to Plaintiff's counsel, particularly since most of the transcript is unrelated to the substantive merits arguments Plaintiff appears desirous of presenting.

Accordingly, Defendant respectfully requests that the Motion be denied. Instead, the court, as it has in the past, should direct the parties' counsel to agree on a correction (if necessary) of those portions of the transcript on which Plaintiff wishes to rely.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

5

          ***/s/ Amy Caspari***
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
July 16, 2007          (202) 724-7794

5