UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YANA HAMILTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-0550 (EGS) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

The Defendant, by counsel, hereby moves pursuant to <u>Fed. R. Civ. P</u>. 12(b)(1), for dismissal of Plaintiff's Complaint.

Plaintiff filed a complaint in the above captioned case appealing a July 10, 2006, hearing officer's determination under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 <u>et</u> <u>seq</u>. ("IDEIA"), alleging that the District of Columbia Public Schools failed to provide her son, J.H., with a free appropriate public education.  For relief, Plaintiff sought an order that the Defendant fund J.H.'s placement at Rock Creek Academy, a full-time therapeutic special education placement.

As argued in the attached supporting memorandum, subsequent events have rendered Plaintiff's claims moot, and alternatively, Plaintiff has failed to pursue this case since filing the complaint.  Therefore, Plaintiff's claims should be dismissed.

A proposed order is also attached hereto.

2

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

November 7, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YANA HAMILTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-0550 (EGS) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS</u>**

On March 30, 2007, Plaintiff filed a complaint in the above captioned case appealing a July 10, 2006, hearing officer's determination ("HOD") under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 <u>et</u> <u>seq</u>. ("IDEIA"), alleging that the District of Columbia Public Schools ("DCPS") failed to provide her son, J.H., with a free appropriate public education ("FAPE"). For relief, Plaintiff sought an order that the Defendant fund J.H.'s placement at Rock Creek Academy ("RCA"), a full-time therapeutic special education placement.

Pursuant to LCvR 16.3, a "meet and confer" statement was filed by the parties on May 25, 2007, and Defendant filed an administrative record on June 8, 2007. On August 7, 2007, Plaintiff's counsel sought leave to withdraw as counsel and this Court granted Plaintiff counsel's request allowing Plaintiff 10 days to submit the name of her new counsel. To date, Plaintiff has not submitted any information regarding new counsel, and has not otherwise participated in this proceeding.

A status hearing was convened on September 20, 2007. While it became apparent that Defendant was the only party present, the Court attempted to make telephone calls to Plaintiff at her job and at her home, in order to determine whether she would be attending. The Court could not reach Plaintiff but left her a message.

At the hearing, undersigned counsel stated that subsequent developments had taken place after the Complaint was filed which probably rendered Plaintiff's claims moot, but that since Plaintiff was at this time a *pro se* litigant, undersigned counsel did not feel comfortable calling Plaintiff and seeking her consent to withdraw her complaint, but would rather file a motion to dismiss with the Court.

At hearing, undersigned counsel presented to the Court the subsequent events that would be the basis for the motion to dismiss. Primarily, counsel indicated that after speaking with the Special Education Coordinator, Valerie Lobban, at Jefferson Junior High School ("JJH") (J.H.'s current placement), it seemed that Plaintiff's claim for a private full time therapeutic placement was moot because while a student at Birney Elementary School (J.H.'s previous placement), J.H.'s Individual Education Plan ("IEP") had been revised and no longer called for a full-time therapeutic placement. See Exhibit 1, Declaration of Valerie Lobban, Special Education Coordinator, JJH, p.1-2, ¶5-7. Moreover, since J.H. began attending JJH in September 2007 in a regular education program with his peers, his performance under the new IEP had been satisfactory and without any major difficulties. See Exhibit 1, p.1-2, ¶4, ¶8-10. This Court thereupon issued an order authorizing the Defendant to file a motion to dismiss. See September 20, 2007 Order.

As shown below, since J.H.'s IEP no longer calls for a full-time therapeutic placement, and J.H. is currently doing well in a regular education placement Plaintiff's claims should be dismissed.

## ARGUMENTS

**I.**     **Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1).**

Motions to dismiss on grounds of mootness are properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005); Fund for Animals v. Mainella, 335 F. Supp. 2d 19, 22 (D.D.C. 2004).

> Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." Erby v. United States, 424 F. Supp. 2d 180, 181 (D.D.C. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, (1992)); see also Al-Owhali v. Ashcroft, 279 F. Supp. 2d 13, 21 (D.D.C. 2003)

Flores v. District of Columbia, 437 F.Supp.2d 22, 27-28, (D.D.C. June 15, 2006).

> Where the defendant asserts, however, that the "question sought to be adjudicated has been mooted by subsequent developments," and consequently that "no justiciable controversy is presented" for the court to decide, Flast v. Cohen, 392 U.S. 83, 96, (1968), the defendant bears the burden of establishing that the case is in fact moot, Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003) ("[T]he burden of establishing mootness rests squarely on the party raising it."); accord Kennedy Bldg. Assocs. v. Viacom, Inc., 375 F.3d 731, 745 (8th Cir. 2004).

Id. at FN12, 28.

A court ruling on a Rule 12(b)(1) motion to dismiss "may consider documents outside the pleadings to assure itself that it has jurisdiction." Al-Owhali, 279 F. Supp. 2d at 17; see also Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987) ("In 12(b)(1)

3

proceedings, it has been long accepted that the judiciary may make appropriate inquiry beyond the pleadings to satisfy itself on [sic] authority to entertain the case." (internal citations and quotation marks omitted)). <u>Id.</u> at 28.

## II. Since the complaint has been filed, subsequent developments have rendered the Plaintiff's claims moot.

### a. Plaintiff's IEP no longer calls for a full-time therapeutic placement.

Since the filing of the Plaintiff's complaint, J.H.'s special education needs have changed dramatically. In May of 2007, J.H.'s IEP was reassessed by Birney Elementary based upon the student's academic performance and behavior. See Exhibit 1, p.1-2, ¶5-9. The IEP services were diminished from 20 hours per week of special education instruction to only 5 hours of special education services per week, attributable to "J.H.'s ability to demonstrate mastery of pre-determined academic goals included in the IEP." <u>Id</u>. at ¶6. Thus, J.H.'s IEP no longer calls for a full time therapeutic placement; his special education services simply enhance and support his regular education needs. <u>Id.</u>

"It is self-evident that when a judicial remedy…becomes unnecessary, the claim is moot." <u>Independent Bankers Association of America v. Conover</u>, 603 F. Supp. 948, 954 (D.D.C. February 27, 1985) (emphasis added).

> The doctrine of mootness involves circumstances in which a federal court is divested of jurisdiction over an issue because of events subsequent to the filing of a claim. The Supreme Court has recently emphasized the Article III jurisdictional bases of the doctrine, see e.g., <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596, (1982); <u>Deposit Guaranty Nat. Bank v. Roper</u>, 445 U.S. 326, 63 L. Ed. 2d 427, 100 S. Ct. 1166 (1980); <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, (1979).

<u>Id.</u>

> It has been held that a "moot" case is beyond the jurisdiction of the federal courts because of the "case or controversy" requirement, <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, (1983), or because the opinion in a

4

> moot case would be merely advisory. Preiser v. Newkirk, 422 U.S. 395, (1975); North Carolina v. Rice, 404 U.S. 244, (1971)."

Id.

Moreover, J.H. is currently placed at JJH, in a regular education setting, with his peers, where he is receiving an educational benefit. *The IDEIA and its implementing regulations expressly provide that handicapped children should be placed in the least restrictive placement*, appropriate to their individual needs. See 20 U.S.C. § 1412(5)(B); 34 C.F.R. §§ 300.550-556:

> a child is entitled to receive a [FAPE], and it must be delivered in the least restrictive environment. This part of the IDEA requires the District to educate [students] with nondisabled peers-known as "mainstreaming" . . . to the "greatest extent appropriate." 20 U.S.C. § 1412(a)(5)(A). The statute specifies that "special classes, separate schooling, or other removal of children with disabilities from the regular educational environment [may] occur[ ] only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." *Id.*

Board of Educ. of Tp. High School Dist. No 211 v. Ross, 486 F. 3d 267, 277 (7th Cir. May 11, 2007).

J.H. was enrolled at JJH beginning in September 2007, and has shown satisfactory academic and behavioral performance, and without any major difficulties. Ms. Lobban, J.H.'s special education coordinator, has stated that, "J.H. is performing on par in most class with the assistance of the specialized instruction provided by the special education teacher…J.H. has not experienced disciplinary action while at Jefferson…To date, J.H. appears to be an 'average' adolescent." See Exhibit 1, p.2, ¶8  In this case, J.H.'s IEP no longer calls for a fulltime therapeutic placement.  The claims in the Complaint, therefore, are plainly moot.

      **b.**      **<u>Plaintiff does not appear to be pursuing her claims here.</u>**

Plaintiff has failed to pursue this case since filing the complaint. "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant" <u>Fed. R. Civ. P.</u> 41(b).

> There is a duty on every plaintiff to be diligent in pursuing his remedies and to expedite his cause to a final determination. Courts should discourage delays at every step of the proceeding. . . . [c]ourts have exercised their inherent power to dismiss suits which have been filed and then allowed to lapse without diligent action by plaintiff.

<u>Steele v. General Baking Co.</u>, 101 A.2d 845, 846, (D.C. Mun. App. 1954); <u>D.C. Barger v. Baltimore & O. R. Co.</u>, 130 F.2d 401, 402, (D.C. Cir. 1942); <u>Slater v. Cannon</u>, 93 A.2d 92, (D.C. Mun.App. 1952).

Following Plaintiff counsel's withdrawal, Plaintiff was ordered to inform this Court within 10 days of August 7, 2007, whether she would be obtaining counsel, or proceeding *pro se*. To date, there has been no response to this request. On September 4, 2007, the parties were ordered to appear in person before the Court at a September 20, 2007, status hearing, but Plaintiff failed to do so. Despite phone calls, and a voice message for the Plaintiff by the Court at the status conference, there has been no response by the Plaintiff.

Thus, the Plaintiff's actions demonstrate her lack of interest in pursuing any claims here, and accordingly, those claims should be dismissed.

      **c.**      **<u>This Court is without jurisdiction to hear any claims by the Plaintiff as to J.H.'s new placement</u>.**

If Plaintiff is not satisfied that J.H. is receiving a FAPE in his current placement at JJH under his current IEP (or even if Plaintiff argues the need for a full-time therapeutic

6

placement in the future), this Court is without jurisdiction to hear those claims, because those claims are not included in the Complaint, and under the IDEIA Plaintiff must first present her claims at an administrative due process hearing. If the student's parent or guardian does not prevail in the hearing proceedings, judicial review of the HOD by this Court may be sought. Jurisdiction for court review of an HOD is found at 20 U.S.C. 1415 (i)(2)(A):

> Any party aggrieved by the findings and decision made [in an administrative due process hearing] . . . shall have the right to bring a civil action with respect to the [administrative] complaint . . . which action may be brought . . . in a district court of the United States, without regard to the amount in controversy.

The importance of requiring exhaustion of administrative remedies prior to judicial review was laid out in Cox v. Jenkins 278 U.S. App. D.C. 312, 317 (D.C. Cir. 1989) ("a party must pursue all avenues of administrative redress…before seeking judicial review") (citing McKart v. United States, 395 U.S. 185, 193-95, (1969)):

> [I]t prevents courts from interrupting the administrative process permanently; it allows the agency to apply its specialized expertise to the problem; it gives the agency an opportunity to correct its own errors; it ensures that there will be a complete factual record for the court to review; and it prevents the parties from undermining the agency by deliberately flouting the administrative process.

When plaintiffs fail to exhaust their administrative remedies under the IDEIA, the court will dismiss their claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See Moss v. Smith, 794 F. Supp. 11 (D.D.C. 1992). The Moss Court found that the plaintiff was required to exhaust her administrative remedies under the IDEIA prior to filing suit because the administrative remedies available were neither futile nor inadequate. See id.; see also Artis v. Greenspan, 223 F. Supp. 2d 149, 152

(D.D.C. 2002) ("[f]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction").

Accordingly, even if the parent were presumed to be dissatisfied with the student's new IEP and placement, any new claims as to these matters would not be proper here.

## CONCLUSION

J.H.'s IEP, and his current placement and performance, show that claims in this case for a full-time therapeutic placement are moot. Further, Plaintiff has not responded to two orders of this Court regarding her claims here. Therefore, Plaintiffs claims should be dismissed as moot, or in the alternative, for failure to prosecute.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

November 7, 2007

**CERTIFICATE OF SERVICE**

    A copy of this motion was mailed to Yana Hamilton, 1347 Stevens Road SE, Washington, D.C. 20020, by regular first class U.S. mail, on Tuesday, November 7, 2007.

 

_____
Amy Caspari

Case 1:07-cv-00550-EGS   Document 17-2   Filed 11/07/2007   Page 9 of 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YANA HAMILTON,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 07-0550 (EGS)

## DECLARATION OF VALERIE LOBBAN, MHS

I, Valerie Lobban, MHS, do hereby declare under penalty of perjury that the foregoing is true and correct:

1. I am a citizen of the United States of America, and over the age of 18, I have personal knowledge of the facts contained herein.

2. I have earned a master degree in Human Services.

3. I am the Special Education Coordinator at Jefferson Middle School ("JMS"). My job responsibilities include maintaining compliance with all state and federal mandates regarding special education services, facilitating due process complaint resolution sessions, providing testimony at due process hearings, monitoring Multi Disciplinary Team (MDT) meetings, providing technical assistance to local school staff, implementing special education programs at the local school level., coordinating related services providers, attending to monthly progress reports, monitoring electronic data system, and responding to special education students' parents concerns.

4. J.H. is a 12 year old student who began attending JMS beginning in September 2007. He is currently placed in the seventh grade.

5. J.H. previously attended Birney Elementary School. While at Birney ES, the current Individual Education Plan ("IEP") was developed which reduced J.H.'s specialized instruction services from 20 hours per week to 5 hours per week. The current IEP indicates 3 hours of related services as well.

1

6. The 15 hours decrease in specialized instruction was likely recommended due to J.H.'s ability to demonstrate mastery of pre-determined academic goals included in the IEP.

7. I am familiar with J.H.'s special education services which include specialized instruction five hours per week, social work services 1.5 hours per week, occupational therapy one hour per week, and speech/language services .5 hour per week. These services are included on the student's current IEP dated 05/16/2007. This IEP is current until May 2008.

8. J.H. is performing on par in most class with the assistance of the specialized instruction provided by the special education teacher. Additionally, Jefferson MS offers a weekly Saturday Academy. The Saturday Academy supports student achievement through small group instruction every Saturday from 9:30am to 11:30 am. All students encouraged to attend and participate as it provides an additional educational resource. J.H has not experienced disciplinary action while at Jefferson. There is no record of J.H. being on suspension. To date, J.H. appears to be an "average" adolescent. Often a little immature and rather talkative, J.H. has not demonstrated any behaviors that would warrant an Intervention Behavior Plan.

   Based upon teacher comments, I would suggest J.H. and his parents develop a homework plan to ensure that J.H. completes and turns in all homework assignments. As well, the family should establish a formal study period daily.

   J.H. is regularly in attendance at school and reports to classes on time and prepared for classwork. J.H. is generally dressed in a neat and clean manner and follows school rules and policies.

9. J.H. has not had any major difficulties while at JMS.

10. In addition, the attached progress report demonstrates that J.H. is successfully meeting his IEP goals thus far.

10/24/07
**Date**

_Valerie Lehman_
**Signature**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YANA HAMILTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-0550 (EGS) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

**<u>ORDER</u>**

Upon consideration of Defendant District of Columbia's Motion to Dismiss, any responses thereto, and the record herein, it is on this _____ day of _____, 2007,

ORDERED that Defendant's Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED that the Complaint herein is DISMISSED with prejudice.

                                          _____
                                          United States District Judge